# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ERIN JERMAINE SMITH-SPENCER**                                                       **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:18-CV-P231-CRS**

**OFFICER HARVEY**                                                                    **DEFENDANT**

## MEMORANDUM OPINION

*Pro se* Plaintiff Erin Jermaine Smith-Spencer initiated this action by filing a complaint and a prisoner application to proceed without prepayment of fees. However, because she did not attach a prison trust account statement for the prior six-month period, the Clerk of Court sent her a notice of deficiency giving her 30 days to do so. Plaintiff did not do so. Therefore, on May 23, 2018, the Court entered an Order giving Plaintiff 30 days in which to either pay the $400 fee for initiating a civil action or file a certified copy of her prison trust account statement. That Order warned Plaintiff that failure to comply fully within 30 days would result in dismissal of this action.

More than 30 days have passed, and Plaintiff has neither paid the fee nor filed a prison trust account statement. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id*. at 110. "Further, the United States Supreme Court has

recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Therefore, by separate Order, the Court will dismiss the instant action. *See* Fed. R. Civ. P. 41(b).

Date: July 6, 2018

**Charles R. Simpson III, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
      Defendant
4411.009